UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In re ) | Case No. 17-03269 |
| ) | |
| Masakela Marcellus Layrock, a/k/a ) | Chapter 13 |
| Marcellous Layrock, ) | |
| ) | Hon. Donald R. Cassling |
| Debtor. ) | |

**RESPONSE TO MOTION FOR RELIEF FROM THE
AUTOMATIC STAY OR IN THE ALTERNATIVE TO DISMISS THE
CASE FOR FAILURE TO MAKE PLAN PAYMENTS**

Debtor, by and through his undersigned counsel, for his response to the Motion for Relief from the Automatic Stay or in the Alternative to Dismiss for Failure to Make Plan Payments (the "Motion") filed by GSF Mortgage Corporation ("GSF") [Doc 32], states:

1. The Debtor admits paragraph 1 of the Motion.

2. As to paragraph 2 of the Motion, the Debtor admits that on or about January 9, 2009, the Debtor, as named Borrower, executed an FHA Fixed Rate Note ("Note") naming GSF Mortgage Corporation as Lender in the principal sum of $251,678.00 at 5.500% interest per annum with monthly principal and interest payments of $1,429.00 beginning March 1, 2009 and continuing thereafter until the maturity date, February 1, 2039. The Note was secured by an FHA Mortgage ("Mortgage") of even date on the Debtor's property commonly known at 4041 S.

1

Michigan Avenue Unit #3N, Chicago, Illinois. Except as specifically admitted, the Debtor denies paragraph 2 of the Motion.

    3.    The Debtor admits paragraph 3 of the Motion.

    4.    The Debtor admits paragraph 4 of the Motion.

    5.    The Debtor admits paragraph 5 of the Motion.

    6.    The Debtor denies paragraph 6 of the Motion.

    7.    The Debtor denies paragraph 7 of the Motion.

    8.    The Debtor denies paragraph 8 of the Motion.

    9.    The Debtor denies paragraph 9 of the Motion.

    10.    The Debtor denies paragraph 10 of the Motion.

Answering further, Debtor states as follows. In support of its Motion, GSF attached a defective "Affidavit of Lost Note" which appears to have been filed in the foreclosure matter, *GSF Mortgage Corporation vs. Layrock, et al.*, (Circuit Court of Cook County, Illinois, County Department - Chancery Division 15 CH 018339). [DOC 32-5, pp. 13-14]. The affiant, Gerald A. Wolfe,[1] avers that "[a]fter a diligent search for the note it was determined that it *could not be located in any place the note is normally stored*" and "[o]n information and belief *the note has*

---

[1] Mr. Wolfe's signature appears above that of Anissa M. Boeckman, "Notary Public." Ms. Boeckman's signature bears no Notarial Seal or Commission. Per the Wisconsin Office of the Secretary of State, "Your document must be properly signed by a Wisconsin Notary Public. Documents that have only a signature, and seal, or are missing the notarial statement will be rejected." Ms. Boeckman is a licensed Wisconsin attorney and was issued a permanent commission; however, the proper notarial act in Wisconsin, as indicated on the Secretary of State's website, bears the Notary Seal. www.sos.state.wi.us/NotaryPublic.htm last visited May 2, 2017 at 3:39 p.m.

*been lost or destroyed.*"[2] (Emphasis added). However, based upon the copy of the Note attached to Mr. Wolfe's affidavit and in support of GSF's Motion, GSF does *not* hold a valid security interest in the property commonly known as 4041 S. Michigan Avenue Unit #3N, Chicago, IL 60653. As evidenced by the copy of the Note attached to Mr. Wolfe's affidavit, GSF transferred the loan to Countrywide. *See* Indorsement, "Pay to the order of Countrywide Bank, FSB," signed by James Guzanick, C.E.O., GSF Mortgage Corporation [DOC 32-5, p. 18].

The special indorsement to Countrywide Bank, FSB, without any fact in the affidavit regarding repurchase, precludes GSF from enforcing the Note.[3] Furthermore, the lost note affidavit fails to plead any facts that would show that GSF had possession of the Note and was the person entitled to enforce at the time the Note was lost.[4]

---

[2] In *Exhibit E*, attached to this Objection, GSF identified "Jerry" Wolfe as "the custodian of the collateral file containing the original collateral documents…including, but not limited to the original note."

[3] Applicable Illinois law provides: (810 ILCS 5/3-205) (from Ch. 26, par. 3-205)
  Sec. 3-205. Special indorsement; blank indorsement; anomalous indorsement.
  (a) If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a "special indorsement". When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person. The principles stated in Section 3-110 apply to special indorsements.

[4] The requirements in Illinois are codified at:
(810 ILCS 5/3-309) (from Ch. 26, par. 3-309)
  Sec. 3-309. Enforcement of lost, destroyed, or stolen instrument.
  (a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

3

The Debtor has attached the following *Exhibits* to this response:

**A.** Debtor's March 21, 2017 Request for Information Pursuant to 12 C.F.R. § 1024.36;

**B.** Debtor's March 21, 2017 Request for Information Pursuant to 12 C.F.R. § 1024.36 and 15 U.S.C. § 1641(f)(2);

**C.** Debtor's March 21, 2017 Request for Payoff Statement Pursuant to 12 C.F.R. § 1026.39(c)(3);

**D.** GSF's March 30, 2017 response to "letter requests dated March 21, 2017"; and

**E.** GSF's April 26, 2017 response to Debtor's Request for Information Pursuant to 12 C.F.R. § 1024.36.

Debtor has served GSF with Requests for Information (*Exhibits A, B and C*) which GSF has failed to fully respond. In its April 26, 2017 response attached hereto as *Exhibit E*, GSF purports to have provided "an exact reproduction of the life of loan mortgage transactional history for this loan from the contract system of record from [GSF's] electronic software program for this loan." The "life of loan transactional history" provided is barely legible and appears to have been created on a spreadsheet. It fails to convey even the most basic information, such as

---

(b) A person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, Section 3-308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.
(Source: P.A. 87-582; 87-1135).

running balances, or any beginning and ending balances, including beginning and ending principal balances. It is impossible to determine whether the receipt and application of payments made by the Debtor was made. Escrow disbursements are accounted for separately rather than as part of the loan history.

Furthermore, GSF claims there are no copies of escrow account analyses (*Exhibit E*, #7). GSF does not explain if it simply fails to maintain proper accounting records to generate escrow analyses or if it is not required by the FHA to provide copies of escrow analyses to the Debtor. Nevertheless, GSF has never provided the Debtor with an escrow account analysis.

The Debtor's loan is an FHA loan - a mortgage insured by the Federal Housing Administration. The Debtor is required to pay mortgage insurance on this FHA loan, which protects GSF from a loss in the event of default. In its response, GSF states, "[t]here are no formal servicing notes. Mr. Layrock talked with Jerry Wolfe, an employee of GSF, on an informal basis throughout the history of this loan." (*Exhibit E*). This is incomprehensible, as the Debtor's loan is governed by the Federal Housing Administration and Jerry Wolfe is the "custodian" of the collateral file containing the original collateral documents…including, but not limited to the original note. It is unknown if "Jerry" Wolfe and "Gerald" Wolfe, affiant of the Lost Note Affidavit, are one and the same person, but, it is a fact that

5

"Jerry" Wolfe, "custodian of the collateral file containing the…including the original note" *is* one and the same person to whom Mr. Layrock "talked with ... on an informal basis throughout the history of this loan" and the person who kept no formal servicing notes regarding their conversations.

The Motion taken together with the GSF responses to the Debtor's requests for information seeking basic account information raise serious questions. Moreover, the documents that GSF attaches to its own motion reveal that the subject note was endorsed to a third party and therefore, on its face, the Motion fails because GSF is not a creditor in this case. The current holder of the Debtor's FHA Note and Mortgage is an unknown at this point.

**WHEREFORE**, the Debtor respectfully requests the Court deny GSF Mortgage Corporation's Motion, and for such other and further relief as is just and proper.

*Respectfully submitted,*

Date:  May 3, 2017

/s/ *Rusty Payton*
Rusty Payton
PaytonDann
115 South LaSalle Street, #2600
Chicago, IL 60603
312-702-1000
payton@paytondann.com

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing Dismissal sent on May 3, 2017 *via* the Court's Electronic Case Filing System on those entities and individuals who are listed on the Court's electronic mail notice list:

Tom Vaughn, Chapter 13 Trustee

Peter C. Bastianen, counsel for GSF Mortgage Corporation


                                /s/ *Rusty Payton*
                                Rusty Payton
                                PaytonDann
                                115 South LaSalle Street, #2600
                                Chicago, IL 60603
                                312-702-1000
                                payton@paytondann.com