## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

| | |
|---|---|
| Masakela Marcellus Layrock aka Marcellous Layrock, | Case No.:  17-03269 |
| | Chapter:  13 |
| Debtor. | Judge Donald R. Cassling |

## REPLY TO RESPONSE TO MOTION FOR RELIEF FROM STAY OR IN THE ALTERNATIVE TO DISMISS

**NOW COMES** GSF MORTGAGE CORPORATION, ("GSF"), by and through its attorneys, Codilis & Associates, P.C., and for its Reply to Debtor's Response to its Motion for Relief from Stay or in the Alternative to Dismiss ("MFR"), respectfully states as follows:

### State Court Foreclosure

GSF is the Plaintiff and Debtor is the Defendant in a pending state court Foreclosure Case #15 CH 18339 ("Foreclosure") on the Debtor's principal residence, commonly known as 4041 S. Michigan Ave., Unit #3N ("Subject Property").  (**Exhibit 1**).  Paragraph 3N of the Foreclosure Complaint stated that the note had been lost.  (**Exhibit 1, page 3**).  The Foreclosure Complaint did not attach the Lost Note Affidavit that was attached to GSF's MFR, but did attach the same copy of the note attached to the MFR.  (**Exhibit 1, pages 18-21**).

The Debtor filed a Motion to Dismiss the Foreclosure based on the same lack of standing arguments raised by the Debtor in the Response filed in this case – that the original note has been lost, and the copy of the note is endorsed to Countrywide.  (**Exhibit 2**).  Movant filed a Response to Debtor's Motion to Dismiss the Foreclosure which GSF incorporates herein by reference.  (**Exhibit 3**).  The Foreclosure Court denied the Debtor's motion to dismiss.  (**Exhibit 4**).

The Debtor raised the same lack of standing arguments for the second time in the

Foreclosure as an Affirmative Defense.  (**Exhibit 5**).  GSF filed a Reply to Debtor's Affirmative Defense and a Motion for Summary Judgment, both of which GSF incorporates herein by reference.  (**Exhibits 6 and 7**).  Debtor filed a Motion to Strike GSF's Motion for Summary Judgment raising the same lack of standing arguments for third time.  (**Exhibit 8**).  GSF's Motion for Summary Judgment was granted, and a Judgment of Foreclosure and Sale ("FC Judgment")  was entered.  (**Exhibit 9**).  Among other things, the FC Judgment contained the following finding:  "(11) Based upon the pleadings, proofs and admission(s), Plaintiff has standing, capacity and authority to maintain this cause."  (**Exhibit 9, page 3**).

### Rooker-Feldman

"Under the *Rooker-Feldman* Doctrine, only the Supreme Court has appellate jurisdiction to reverse or modify a state court judgment; lower federal courts lack subject matter jurisdiction to review state court decisions."  *Spencer v. Mortgage Acceptance Corp.*, 2006 U.S. Dist. LEXIS 31668, 11 (N.D. Ill. 2006) (J. Lefkow); *citing Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005), *citing Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed.362 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  "The doctrine bars 'an action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in federal court would require overturning the state court decision.'"  *Id.*, *quoting Epps v. Creditnet, Inc*., 320 F.3d 756, 759 (7th Cir. 2003).

Debtor's Response to GSF's MFR challenges GSF's standing for the fourth time.  Before the underlying bankruptcy case was filed, however, the State Court had already entered the FC Judgment, on the very same note and mortgage that are the subject of the MFR, finding that GSF has standing.  Debtor challenged GSF's standing in state court three times, and was been rejected

each time.  Debtor's Response to the MFR is a fourth attempt to challenge GSF's standing, and constitutes an attempt to reverse or modify the FC Judgment.  Pursuant to the *Rooker-Feldman* Doctrine, Debtor's argument that GSF lacks standing must be overruled.

### Debtor's Pleadings

Furthermore, Debtor lists "GSF" on Schedule D as a creditor secured by the Subject Property, and the Original and two Amended Plans all list "GSF Mortgage Corporation" as the mortgage lender.  Schedules and statements filed by Debtors are not just pleadings, motions or exhibits, they contain evidentiary admissions. *In re Earl*, 140 Bankr. 728, 730 n.2 (Bankr. N.D. Ind. 1992); *In re Cobb*, 56 Bankr. 440, 442 n.3 (Bankr. N.D. Ill. 1985).  Debtor has admitted that GSF has standing.

### Colorable Claim

The Seventh Circuit has made clear that "[h]earings to determine whether the stay should be lifted are meant to be summary in character." *In re: Vitreous Steel*, 911 F.2d 1223, 1232 (Bankr. 7th Cir. 1990).  "Many cases hold that the issues considered at a §362 hearing are limited strictly to adequacy of protection, equity, and necessity to an effective reorganization." *Id.* (citing cases).  "A hearing on a motion to lift the automatic stay under §362(d) is limited in scope.  Questions of the validity of liens are not generally at issue in a §362 hearing, but only whether there is a *colorable* claim of a lien on property of the estate." *Id*, at 1234 (emphasis in original).

Here, the entered FC Judgment finding that GSF has standing to foreclose the mortgage is sufficient to establish that GSF has a colorable claim, so Debtor's contention that GSF does not have standing must be overruled.

**Second Amended Plan filed May 11, 2017**

Debtor filed a Second Amended Plan on May 11, 2017. Section C of the Original and First Amended plans both provided that the Debtor would make post-petition payments to GSF directly, and Section E(5) provided to pay GSF $60,000.00 in pre-petition arrears. Section E(5)(a) of the Second Amended Plan continues to provide to pay GSF $60,000.00 in pre-petition arrears, but post-petition payments have been moved from Section C to be paid by the Debtor to GSF directly to Section E(2)(a) to be paid by the Trustee out of plan payments. But the Second Amended Plan does not resolve the MFR because the Debtor has failed to pay the March, April, and May 2017 post-petition payments that have already come due, and has not paid enough into the plan to enable the Trustee to make those post-petition payments.

**Requests for Information**

Debtor's Response also attaches copies of Requests for Information and GSF's Responses to those requests, and alleges that GSF's Responses are insufficient. But the Requests for Information and Responses thereto are not relevant in this summary proceeding. Moreover, under 11 U.S.C. §362(g), the burden in a stay relief motion on all issues except equity in the property is on the Debtor.

Equity is not an issue because the Debtor's Schedule A values the Subject property at $190,000.00, and the FC Judgment entered back on September 9, 2016 was in the amount of $266,358.55 (**Exhibit 9, page 1**). Although GSF has not yet filed a proof of claim in this case, the balance due will be higher than $266,358.55 due to the accrual of interest, fees, and costs. It cannot be disputed that there is no equity in the Subject Property.

The only remaining issue in this summary proceeding is whether GSF is adequately protected. The Subject Property is Debtor's principal residence, so GSF's rights under the terms

of the note and mortgage may not be modified in Chapter 13, except to provide for a cure of the pre-petition arrearage while maintaining post-petition payments.  11 U.S.C. §§1322(b)(2), (5). Accordingly, the Debtor must provide adequate protection by making all post-petition mortgage payments that have come due since this case was filed on February 3, 2017.  The Debtor has not provided proof that she has made even a single post-petition mortgage payment, so she has not met her burden, and the MFR must be granted.

**WHEREFORE,** GSF MORTGAGE CORPORATION prays this Court enter an Order pursuant to 11 U.S.C. Section 362(d) modifying the automatic stay as to Movant, or alternatively, for an entry of an order dismissing the case pursuant to 11 U.S.C. §1307, allowing the fees and costs described herein to be added to the indebtedness pursuant to the terms of the note and mortgage, and for such other and further relief as this Court may deem just and proper.

Dated this May 23, 2017.

Respectfully Submitted,
Codilis & Associates, P.C.

By: /s/ Peter C. Bastianen

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Peter C. Bastianen ARDC#6244346
Scott T. Zale ARDC#6304376
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-15-16805)**

NOTE: This law firm is a debt collector.